UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED
2018 MAY 21 A 9 39
STEPHEN C. DRIES
CLERK
18-C-0769

JEANINE L JACKSON
3712 NORTH 14TH STREET
MILWAUKEE WI 53206
PLAINTIFF

VS

PITNEY BOWES
3001 SUMMER STREET
STAMFORD CT 06926

PITNEY BOWES
9053 NORTH DEERBROOK TRAIL
BROWNDEER WI 53223

LATOYA GILMORE
3011 W JUNEAU AVENUE
MILWAUKEE WI 53208

KENDRAE FIGUEROA
PO BOX 250984
MILWAUKEE WI 53225

JOHN DOE
JOHN DOE
DEFENDANTS


FEDERAL COMPLAINT


NOW COMES the above named Pro-se Plaintiff Jeanine L Jackson, and as and for her causes of action

against the above-named defendants, the plaintiff alleges and show claims for relief as follows:


INTRODUCTION

1

1. The following is a synopsis of Plaintiffs causes of action: Discrimination, Retaliation, Harassment, Disparate Impact Treatment, Negligence, negligent supervision, and 42 USC 1981, against the defendants Latoya Gilmore, Pitney Bowes, Kendrae Figueroa, and John Doe.

## JURSIDICTION AND VENUE

2. This action arises under Discrimination, retaliation, harassment, disparate impact treatment, Negligence, and negligent supervision and violations of 42 USC 1981. Jurisdiction of this court is conferred by 28 U.S.C 1331 1343(3) and (4), 28U.S.C. 1441 and28 U.S.C. 1367.

## VENUE

3. The Eastern District of Wisconsin is a proper federal venue for this action because the Eastern District is a judicial district in the state in which the constitutional and civil rights violations of the plaintiff Jeanine L Jackson are alleged to have been committed pursuant to 28 U.S.C. 1391 (a) and (b)

4. Under 28 USC 1367(a) the court has supplemental jurisdiction over any state claims alleged herein.

## ADMINSTRATIVE COMPLAINCE

5. In February 2018, the pro-se plaintiff Jeanine L Jackson filed a complaint with the EEOC Office, located in Milwaukee WI. On February 22, 2018, the EEOC office sent the pro-se

2

plaintiff a Notice of Dismissal, and Notice of Rights letter. Attached is a copy of said letter to this complaint as Exhibit A.

PARTIES

6. The plaintiff Jeanine L Jackson is an adult African American female Wisconsin resident who resides at 3712 N 14th Street Milwaukee WI 53206. Upon information and belief, pro-se plaintiff is a sole proprietor, who sales women's clothing and shoes, and has been since 2002.

7. Upon information and belief, the pro-se plaintiff also has mail sorting experience prior to working at Pitney Bowes as a pre-sorter.

8. The defendant Pitney Bows is a corporation that specializes in mail sorting whose corporate address is 3001 Summer Street. Stamford CT 06926. Upon information and belief this company employee's more than 15 employees. In addition, this company also has a location at 9053 N Dearbrook Trail, Brown deer WI 53223.

9. Upon information and belief, the defendant Pitney Bowes has more than 15 employees whose race ethnic of employees including temporary employees is that of Hispanic, African Americans, white, and foreigners.

3

10. Upon information and belief, the 1st shit crew at Pitney Bowes is majority Hispanic workers.

11. Upon information and belief, the 2nd shift crew at Pitney Bowes is majority Hispanic workers.

12. Upon information and belief, the 3rd shift crew at Pitney Bowes is majority African Americans.

13. The defendant Latoya Gilmore. Upon information and belief, the defendant Latoya Gilmore is a Pitney Bowes employee as lead, who is also a Wisconsin residence whose last known address is 3011 W Juneau Avenue, Milwaukee WI 53208.

14. The defendant Kendrae Figueroa. Upon information and belief, the defendant Kendrae Figueroa is a Pitney Bowes employee as a 3rd shift supervisor, who is also a Wisconsin residence whose last known address is PO Box 250984, Milwaukee WI 53225.

15. The defendant John Doe is unknown at this time.

16. The defendant John Doe is unknown at this time.

### FACTS

17. That in August 2017 the plaintiff Jeanine L Jackson became an employee of Resource MFG.

18. Upon information and belief, the plaintiff Jeanine L Jackson signed paperwork (contracts) with the temporary agency Resource MFG that stated that they are have hired the plaintiff Jeanine L Jackson to work for their companies (sub-contractors) in exchange for financial compensation.

4

19. Upon information and belief, the defendant Pitney Bowes has contractual agreements with several temporary agencies including Resource MFG.

20. That in August 2017 the plaintiff Jeanine L Jackson was sent to Pitney Bowes located in Brown Deer WI, as a temporary employee as a pre-sorter at $10.00 per hour including the third shift deferential, who worked 40hours but was only paid for 37.5 hours weekly. Pitney Bowes supervisors including leads allow pre-sorters to operate the mail processing machines, including when an operator goes on breaks.

21. Prior to begin working at Pitney Bowes, all temporary employees must go thru an orientation which discusses the defendant Pitney Bowes attendance policies, safety issues, and work place etiquette.

22. Upon information and belief, while working as a pre-sorter at Pitney Bowes as a temporary employee, the plaintiff Jeanine L Jackson, was asked by 3rd shift supervisors Tim, Bilal Mohammad, and the defendant Kendrae Figueroa if she wanted to be a regular full-time employee at Pitney Bowes.

23. Upon information and belief, the defendant Pitney Bowes located in Brown Deer WI has a constant high turn over rate of temporary employees.

24. On Monday January 15, 2018 at approximately 6:30 am Pitney Bowes employee Ladonna Evans went on break. Jeanine L Jackson attempted to operate the mail processing machine until Ladonna Evans returned from break. Pitney Bowes employee and Lead Latoya Gilmore dispatched Lavina Crawford to the line where Jeanine L Jackson was working and asked her to operate the machine.

25. Upon hearing this and knowing that the mail processing machine would be covered, Jeanine L Jackson immediately grabbed her water bottle and proceeded to the restroom. Upon returning to her machine 3rd shift supervisors Kendrae Figueroa and

5

Bilal Mohammed were at the machine. Mr. Figueroa respectfully asked Jeanine L Jackson was everything ok and what's going on over here and Jeanine responded yes. Pitney Bowes employee Latoya Gilmore abruptly and rudely stated to Jeanine L Jackson: you're mad because I went to get you some help? Ms. Jackson responded what? Again, Latoya Gilmore then rudely stated you're mad because I went to get you some help, look at your face. It was at that said time that Jeanine L Jackson then walked away from the machine and headed straight to the supervisor's office to speak with Pitney Bowes Head third shift supervisor Tim, however Tim was not in his office. At that point the defendant Kendrae Figueroa and Mr. Mohammed approached Jeanine L Jackson and asked her side of the story. Jeanine L Jackson stated that Latoya Gilmore sent Lavina Crawford to operate the machine while Ladonna Evans was on break and that she grabbed her water bottle and went to the restroom. Mr. Figueroa stated to Ms. Jackson, that he stated to the defendant Latoya Gilmore that why would the plaintiff Jeanine get upset that you would get her some help that doesn't make sense. Jeanine L Jackson stated to both Figueroa and Mohammed that the defendant Latoya Gilmore was crazy and that she didn't know what was wrong with her and that she was going to school to be a lawyer. Figueroa stated to Ms. Jackson that he never had a problem with her and that she has always done everything that he asked and not to worry about it and that he would speak with Latoya Gilmore about it.

26. The plaintiff, Jeanine L Jackson went back to her machine. Upon putting mail sleeves on their respected pallet Jeanine L Jackson observed the defendant Kendrae Figueroa speaking with the defendant Latoya Gilmore. Based on the facial expression on the defendant Latoya Gilmore's face she didn't like what the defendant Kendrae Figueroa was saying to her and her (defendant Gilmore) abruptly walked away and yelled "I'm

6

going to kill me 2 bitches up in this motherfucker tonight". The plaintiff, Jeanine L Jackson took and perceived that statement made from the defendant, Latoya Gilmore as a threat to the plaintiff, Jeanine L Jackson. Both the defendant Kendrae Figueroa and Pitney Bowes employee Harriet (who also happened to be standing alongside Figueroa while he was speaking with the defendant Latoya Gilmore) both looked stunned and shocked by the tone, statement and behavior of the defendant Latoya Gilmore.

27. On Wednesday January 17, 2018, the plaintiff Jeanine L Jackson stated to several Pitney Bowes employees and temporary employees who also worked at Pitney Bowes that the defendant Latoya Gilmore had made a threat to do bodily harm to the plaintiff, and that the plaintiff was going to school to be an attorney, that the plaintiff had spoken to an attorney about the matter and that she would be bringing up a lawsuit against the defendants Pitney Bowes, and Latoya Gilmore.

28. On Friday January 19, 2018, the plaintiff Jeanine L Jackson reported for her 3rd shift assignment. It was at that time she noticed Pitney Bowes employee the defendant Latoya Gilmore standing there talking with some of the 3rd shift supervisors. The plaintiff, Jeanine L Jackson Ms. Jackson took physical proof that Latoya Gilmore was yet working despite the fact that on Monday January 15, 2016, she made a threat to cause physical bodily harm to Jeanine L Jackson.

29. On Friday January 19, 2018, while observing the plaintiff Jeanine L Jackson taking physical proof of the defendant Pitney Bowes employee Latoya Gilmore then walked towards Jeanine L Jackson who was standing in front of the break room door next to another temp employee and Pitney Bowes employee Eileen and Gilmore then stated to Jackson" Make sure you get a close-up photo". Both the temp employee and Pitney

7

Bowes employee Eileen looked at each other and Jackson with stunned looks on their faces.

30. On Friday January 19, 2018, feeling uncomfortable with the defendant Latoya Gilmore on the premises of Pitney Bowes, the plaintiff Jeanine L Jackson notified her mother (who was in Texas visiting and her nephew who lives in Georgia) That despite the fact that the defendant Latoya Gilmore threatened her on Monday January 15, 2018 that she was still allowed to work on the floor and around the plaintiff Jeanine L Jackson.

31. On Friday January 19, 2018, at approximately 1:00 am Pitney Bowes employee lead Terrance respectfully walked on the line where Jeanine L Jackson was working and where the defendant Latoya Gilmore was also lead for the night and told her that she was going to be moved to another line. Upon leaving the line Pitney Bowes employee defendant Latoya Gilmore had a smirk grin on her face, and it was at that point that the plaintiff Jeanine L Jackson and the defendant Latoya Gilmore exchanged words and in front of the entire 3rd shift workforce and the plaintiff Jeanine L Jackson stated to the defendant Latoya Gilmore that she threatened her and that she would be seeking legal action against her. The defendant Latoya Gilmore then stated to the plaintiff Jeanine L Jackson boastfully that "she wasn't going to sue her but Pitney Bowes, and that did she actually record her threatening her. Both the plaintiff Jeanine L Jackson and the defendant Latoya Gilmore had to be separated by several Pitney Bowes employees including temporary employees.

32. On Friday January 19, 2018, after the confrontation Pitney Bowes 3rd Shift head supervisor Tim came out and asked the plaintiff Jeanine L Jackson was she ok, the plaintiff Jeanine L Jackson said no. It was at that said time that Pitney Bowes employee the defendant Latoya Gilmore followed the plaintiff Jeanine L Jackson into the hallway

8

and attempted to speak with Tim and the plaintiff Jeanine L Jackson. The plaintiff Jeanine L Jackson stated to Tim that she didn't want to speak with him in a room with the defendant Latoya Gilmore. However before speaking with the plaintiff Jeanine L Jackson Tim did make it clear that both the defendant Latoya Gilmore and the plaintiff Jeanine L Jackson would be going home for the night causing the plaintiff Jeanine L Jackson to lose a night pay and $10.00 to pay for an uber ride home.

33. ████████████████████████ while speaking to Tim about what occurred on Monday ████████ 2017 in regards to the defendant Latoya Gilmore incident he stated to the plaintiff Jeanine L Jackson that he knew that there was some sort of disagreement between the plaintiff Jeanine L Jackson and the defendant Latoya Gilmore however he wasn't aware that the defendant Latoya Gilmore had actually threatened the plaintiff Jeanine L Jackson. The plaintiff also stated to Pitney Bowes supervisor named Tim that she was going to school to be a lawyer and that she had already begun to seek the assistance of a licensed attorney in regards to what transpired between herself and the defendant Latoya Gilmore on the morning of January 15, 2018, and that she would be bringing a lawsuit against the defendants Pitney Bowes and Latoya Gilmore because from a legal standpoint the plaintiff felt the defendants Pitney Bowes and Kendrae Figueroa was negligent in regards to the defendant Latoya Gilmore.

34. On Friday January 19, 2018 the plaintiff Jeanine L Jackson spoke with her temporary agency and explained to them what had transpired on the early morning of Friday January 19, 2018 and it was at that said time that the plaintiff Jeanine L Jackson's temporary agency notified her that an email had been sent by one of the supervisors from Pitney Bowes informing them that the plaintiff Jeanine L Jackson's assignment was terminated because she got into an altercation with an employee.

9

35. On Friday January 19, 2018, the pro-se plaintiff Jeanine L Jackson personally hand delivered a signed affidavit to Pitney Bowes Brown Deer WI location and personally gave it to a gentleman by the name of Chad who the plaintiff believes is the plant manager for Pitney Bowes Brown Deer WI location.

36. After her assignment ended at Pitney Bowes, every time the plaintiff Jeanine L Jackson would contact her temporary agency for work, the plaintiff would be told that that there was no work available.

37. While working at Pitney Bowes as a temporary employee, the Plaintiff Jeanine L Jackson was a sole proprietor who also worked during the day in a position that involved her business.

38. The plaintiff Jeanine L Jackson has been a sole proprietor since 1995.

39. The plaintiff Jeanine L Jackson took the position at Pitney Bowes in an effort to secure additional finances to assist her in making more money for her business, relocation of her business, and living expenses which included financial support her minor child. Because of the defendant's actions, the plaintiff Jeanine L Jackson has lost wages income, loss business income, and a potential permanent job placement with Pitney Bowes.

40. Upon information and belief in October 2017, the pro-se plaintiff personally witnessed Pitney Bowes employee and lead Paulette Kirk and Hendra Pickett get into a verbal confrontation on the workroom floor of Pitney Bowes located in Brown Deer WI. The plaintiff Jeanine L Jackson and Bilal Mohammed separated Paulette Kirk and Hendra Pickett.

10

41. After the verbal confrontation between Paulette Kirk, and Hendra Pickett, the plaintiff Jeanine L Jackson took Hendra Pickett into the restroom to calm her down, Pitney Bowes supervisor Bilal Mohammed was speaking with Paulette Kirk.

42. Upon information and belief after returning to the workroom floor both supervisors, the defendant Kendrae Figueroa, and Bilal Mohammed took Hendra Pickett into the employee's lunch room and spoke with Hendra Pickett.

43. Upon information and belief, on January 18, and January 19, 2018 both Paulette Kirk and Hendra Pickett were still working at Pitney Bowes.

44. While working at Pitney Bowes, the plaintiff Jeanine L Jackson has personally witnessed Pitney Bowes supervisors and Pitney Bowes permanent employees treat temporary employees who work at Pitney Bowes in a different manner and tone than those who were permanent employees of Pitney Bowes.

45. Upon information and belief, Pitney Bowes employee Paulette Kirk is that of bi-racial decent.

## FIRST CAUSE OF ACTION

Discrimination is the First cause of action against the defendants Latoya Gilmore, Kendrae Figueroa, Pitney Bowes, and John Doe.

Plaintiff realledges and incorporate by reference the allegations in the preceding paragraphs.

11

46. While working at Pitney Bowes in 2017, Pitney Bowes employees Paulette Kirk, and Hendra Pickett were involved in a verbal confrontation, and the plaintiff Jeanine L Jackson, and Bilal Mohammad, a Pitney Bowes supervisor separated both Paulette Kirk, and Hendra Pickett.

47. Despite having a verbal confrontation both Paulette Kirk, and Hendra Pickett were allowed to continue working at Pitney Bowes.

48. Both Paulette Kirk, and Hendra Pickett were still working at Pitney Bowes in January 2018 during the time the plaintiff Jeanine L Jackson, and the defendant Latoya Gilmore had their verbal confrontation.

49. The plaintiff Jeanine L Jackson was no longer allowed to work at Pitney Bowes after her confrontation with the defendant Latoya Gilmore, however Paulette Kirk and Hendra Pickett were allowed to continue to work at Pitney Bowes.

50. Because of their discriminatory actions, the defendants, Latoya Gilmore, Kendrae Figueroa, Pitney Bowes, and John Doe has caused the plaintiff Jeanine L Jackson financial losses, which includes loss of wages, loss of business income, and loss of potential permanent job placement with Pitney Bowes.

51. The defendants Pitney Bowes treated the plaintiff Jeanine L Jackson in a discriminatory manner.

SECOND CAUSE OF ACTION

Negligence is the second cause of action against the defendants, Latoya Gilmore, Kendrae Figueroa, Pitney Bowes and John Doe.

Plaintiff realledges and incorporate by reference the allegations in the preceding paragraphs.

12

52. The plaintiff Jeanine L Jackson worked at Pitney Bowes as a pre-sorter thru a temporary agency.

53. The defendant Latoya Gilmore intentionally threatened to do bodily harm to the plaintiff Jeanine L Jackson, harassed, lied on the plaintiff to Pitney Bowes supervisors, made fun of, stalked, and provoked the plaintiff Jeanine L Jackson which lead to the plaintiff Jeanine L Jackson and the defendant Latoya Gilmore getting into a verbal confrontation on January 18/19, 2018 causing the plaintiff Jeanine L Jackson to lose her job assignment at Pitney Bowes.

54. The defendant Kendrae Figueroa failed to properly report to the proper Pitney Bowes superiors in regards to the threat that Latoya Gilmore made on the plaintiff Jeanine L Jackson.

55. Despite making a verbal threat to do bodily harm to the plaintiff Jeanine L Jackson, the defendants Pitney Bowes allowed Latoya Gilmore to continue working at Pitney Bowes as a Pitney Bowes employee as a lead.

56. Despite making a verbal threat to do bodily harm to the plaintiff Jeanine L Jackson, Pitney Bowes supervisors continued to allow the plaintiff Jeanine L Jackson to work with and around the defendant Latoya Gilmore.

57. The defendants Pitney Bowes, Latoya Gilmore, Kendrae Figueroa, and John Doe, was negligent in their behavior towards the plaintiff Jeanine L Jackson and had a duty to owe the plaintiff proper care while working at Pitney Bowes.

58. Because of the negligent actions of Latoya Gilmore, Kendrae Figueroa, and John Doe, the plaintiff Jeanine L Jackson was put in a compromising, threatening position with the defendant Latoya Gilmore which caused the plaintiff Jeanine L Jackson to lose her paid

13

job position with Pitney Bowes which caused the plaintiff to lose business income, potential employment income and income wages.

THIRD CAUSE OF ACTION

Negligent Supervision is the third cause of action against the defendants Latoya Gilmore, Kendrae Figueroa, Pitney Bowes and John Doe.

Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs.

59. The plaintiff Jeanine L Jackson was working at Pitney Bowes during the months of August 2017- January 2018 as a temporary employee.

60. The defendants Kendrae Figueroa, Pitney Bowes, and John Doe had a legal obligation to make sure the plaintiff worked in a violent free, non-hostile work environment and to monitor all employees working at Pitney Bowes location.

61. In January 2018, the defendant Latoya Gilmore made a threat to do bodily harm to the plaintiff Jeanine L Jackson by stating "I'm going to kill me 2 bitches up in this motherfucker tonight."

62. The defendant Latoya Gilmore made the threat to harm the plaintiff in front of the defendant Supervisor Kendrae Figueroa.

63. The defendant Kendrae Figueroa failed to report to the proper supervisors of the defendant Pitney Bowes of the threat made by the defendant Latoya Gilmore on the plaintiff Jeanine L Jackson.

64. After making the threat to do bodily harm to the plaintiff Jeanine L Jackson, the defendants Pitney Bowes, Kendrae Figueroa, and John Doe continued to allow the

14

defendant Latoya Gilmore to not only work at Pitney Bowes, but around the plaintiff Jeanine L Jackson.

65. The defendants Pitney Bowes, Kendrae Figueroa, and John Doe had a legal obligation to ensure the safety of the plaintiff Jeanine L Jackson while she was working at Pitney Bowes but failed to do so by allowing the defendant Latoya Gilmore to not only continuing to work at Pitney Bowes but allowing the defendant Latoya Gilmore to be in direct contact with the plaintiff Jeanine L Jackson after the defendant Latoya Gilmore had made a direct threat to do bodily harm to the plaintiff Jeanine L Jackson.

66. The defendants Pitney Bowes, Kendrae Figueroa, and John Doe encouraged a work hostile environment by allowing their permanent employees to harass, and threaten temporary employees, by allowing them to continue to work at Pitney Bowes.

67. If the defendants Pitney Bowes, Kendrae Figueroa, and John Doe would've properly terminated the defendant Latoya Gilmore after the defendant Latoya Gilmore made the threat to do bodily harm to the plaintiff Jeanine L Jackson, the verbal confrontation that happened between Jeanine L Jackson and Latoya Gilmore wouldn't have occurred in January 2018.

68. Due to the negligent acts of the defendants Pitney Bowes, Kendrae Figueroa, Latoya Gilmore, and John Doe, the plaintiff Jeanine L Jackson has loss business income, loss wages, and a potential permanent job placement.

FOURTH CAUSE OF ACTION

Retaliation

Retaliation is the fourth cause of action against the defendants Pitney Bowes, and John Doe.

15

Plaintiff realledges and incorporates the allegations in the preceding paragraphs.

69. The plaintiff Jeanine L Jackson was threatened with bodily harm by the defendant Latoya Gilmore. The defendant made the statement" I'm going to kill me 2 bitches in this motherfucker tonight in front of the defendant Kendrae Figueroa a Pitney Bowes supervisor and employee. The plaintiff Jeanine L Jackson stated to several Pitney Bowes employees and temporary workers at Pitney Bowes that the defendant Latoya Gilmore had threatened her with bodily harm and that she (the plaintiff) spoke with an attorney and that she would be brining forth a lawsuit against Pitney Bowes and the defendant Latoya Gilmore concerning the threat that the defendant Latoya Gilmore made.

70. On January 19, 2018 during there verbal confrontation, the plaintiff Jeanine L Jackson stated to the defendant Latoya Gilmore that she had threatened her and she was going to bring a lawsuit against her and Pitney Bowes.

71. On January 15, 2018, the plaintiff Jeanine L Jackson stated to Pitney Bowes supervisors the defendant Kendrae Figueroa and Bilal Mohammad that she was going to school to be an attorney.

72. On January 19, 2018, the plaintiff Jeanine L Jackson personally stated to the 3rd shift supervisor Tim that she had already spoken to an attorney about the threat that the defendant Latoya Gilmore had made in reference to the plaintiff Jeanine L Jackson, that the defendant Pitney Bowes was negligent because had the defendant Latoya Gilmore had been terminated for making the threat against Jackson she wouldn't have been further subjected to further harassment by the defendant Latoya Gilmore and the verbal confrontation wouldn't have taken place between the plaintiff Jeanine L Jackson and the defendant Latoya Gilmore.

16

73. The plaintiff Jeanine L Jackson was wrongfully retaliated against, loss job assignment at Pitney Bowes retaliated against by the defendants Pitney Bowes because she stated that she was going to school to be an attorney and that she had already spoken to an attorney about the threats made on Jackson by the defendant Latoya Gilmore, and that she was already in the process of bringing a lawsuit against the defendants Pitney Bowes, Latoya Gilmore, and Kendrae Figueroa.

74. Because the plaintiff Jeanine L Jackson stated her legal position in regards to the defendant Latoya Gilmore, the defendants Pitney Bowes, and John Doe ended the plaintiff Jeanine L Jackson assignment with Pitney Bowes causing her to lose business income, loss wages, and a potential permanent position with Pitney Bowes.

## FIFTH CAUSE OF ACTION

## HARRASSMENT

Harassment is the fifth cause of action against the defendants Pitney Bowes, Latoya Gilmore and John Doe.

Plaintiff realledges and incorporates the allegations in the preceding paragraphs.

75. On January 15, 2018, the defendant Pitney Bowes employee Latoya Gilmore made a threat to do bodily harm to the plaintiff Jeanine L Jackson a temporary employee of Pitney Bowes.

76. On January 18/19, 2018, the defendant Latoya Gilmore continued to harass the plaintiff Jeanine L Jackson, by mocking her after taking a photo of the defendant Latoya Gilmore, making harassing comments to the plaintiff by stating making sure you get a

17

close-up photo of me too, by making a smirky grin at the plaintiff Jeanine L Jackson while overseeing the plaintiff Jeanine L Jackson working.

77. The defendant Pitney Bowes encouraged the harassment behavior of the defendant Latoya Gilmore towards the plaintiff Jeanine L Jackson by continuing to allow the defendant Latoya Gilmore to work at Pitney Bowes after she made a verbal threat to do bodily harm on the plaintiff Jeanine L Jackson, and by subjecting the plaintiff Jeanine L Jackson to further harassment and ridicule by the defendant Latoya Gilmore by allowing the defendant to oversee the plaintiff Jeanine L Jackson and to put the plaintiff in direct harm's way of the defendant Latoya Gilmore.

78. The defendants Pitney Bowes, Kendrae Figueroa, John Doe, and Latoya Gilmore created, upheld, and subjected the plaintiff Jeanine L Jackson to a hostile work environment.

79. Because of the actions of the defendants Pitney Bowes, John Doe, and Latoya Gilmore, the plaintiff Jeanine L Jackson has been harmed by loss of business income, loss of wages, including loss of potential wages and permanent job placement.

SIXTH CAUSE OF ACTION

DISPARTE IMPACT TREATMENT

Disparate impact treatment is the sixth cause of action against the defendants Pitney Bowes, John Doe, Latoya Gilmore, and Kendrae Figueroa.

Plaintiff realledges and incorporates the allegations in the preceding paragraphs.

18

80. The plaintiff Jeanine L Jackson worked at Pitney Bowes as a pre-sorter thru a temporary agency.

81. The defendant Latoya Gilmore intentionally threatened to do bodily harm to the plaintiff Jeanine L Jackson, harassed, lied on the plaintiff to Pitney Bowes supervisors, made fun of, stalked, and provoked the plaintiff Jeanine L Jackson which lead to the plaintiff Jeanine L Jackson and the defendant Latoya Gilmore getting into a verbal confrontation on January 18/19, 2018 causing the plaintiff Jeanine L Jackson to lose her job assignment at Pitney Bowes.

82. The defendant Kendrae Figueroa failed to properly report to the proper Pitney Bowes superiors in regards to the threat that Latoya Gilmore made on the plaintiff Jeanine L Jackson.

83. Despite making a verbal threat to do bodily harm to the plaintiff Jeanine L Jackson, the defendants Pitney Bowes allowed Latoya Gilmore to continue working at Pitney Bowes as a Pitney Bowes employee as a lead.

84. Despite making a verbal threat to do bodily harm to the plaintiff Jeanine L Jackson, Pitney Bowes supervisors continued to allow the plaintiff Jeanine L Jackson to work with and around the defendant Latoya Gilmore.

85. The defendants Pitney Bowes, Latoya Gilmore, Kendrae Figueroa, and John Doe, was negligent in their behavior towards the plaintiff Jeanine L Jackson and had a duty to owe the plaintiff proper care while working at Pitney Bowes.

86. Because of the negligent actions of Latoya Gilmore, Kendrae Figueroa, and John Doe, the plaintiff Jeanine L Jackson was put in a compromising position with the defendant Latoya Gilmore which caused the plaintiff Jeanine L Jackson to lose her paid job

19

position with Pitney Bowes which caused the plaintiff to lose business income, potential employment income and income wages.

87. On January 15, 2018, the plaintiff Jeanine L Jackson stated to Pitney Bowes supervisors the defendant Kendrae Figueroa and Bilal Mohammad that she was going to school to be an attorney.

88. On January 19, 2018, the plaintiff Jeanine L Jackson personally stated to the 3rd shift supervisor Tim that she had already spoken to an attorney about the threat that the defendant Latoya Gilmore had made in reference to the plaintiff Jeanine L Jackson, that the defendant Pitney Bowes was negligent because had the defendant Latoya Gilmore had been terminated for making the threat against Jackson she wouldn't have been further subjected to further harassment by the defendant Latoya Gilmore and the verbal confrontation wouldn't have taken place between the plaintiff Jeanine L Jackson and the defendant Latoya Gilmore.

89. While working at Pitney Bowes, the pro-se plaintiff Jeanine L Jackson personally witnessed Pitney Bowes employee Paulette Kirk, and Hendra Pickett get into a verbal confrontation on the workroom floor.

90. The plaintiff Jeanine L Jackson and Pitney Bowes supervisor Bilal Mohammad had to separate both Paulette Kirk, and Hendra Pickett.

91. Both Paulette Kirk, and Hendra Pickett were allowed to continue to work at Pitney Bowes after there confrontation but the plaintiff Jeanine L Jackson wasn't.

92. Because of the actions of the defendants Pitney Bowes, Kendrae Figueroa, Latoya Gilmore and John Doe, the plaintiff Jeanine L Jackson has suffered loss wages, loss business income, and loss of a potential permanent job placement.

20

## SEVENTH CAUSE OF ACTION

### 42 USC 1981

Violations of 42 USC 1981 is the seventh cause of action against the defendants Pitney Bowes, John Doe, Latoya Gilmore, and Kendrae Figueroa.

Plaintiff realledges and incorporates the allegations in the preceding paragraphs.

93. The pro-se plaintiff Jeanine L Jackson was a temporary employee who worked for a temporary agency Resource MFG. When hired by Resource MFG, the plaintiff signed paperwork, (contracts) that stated that they would send her to an employment site in exchanged for financial compensation.

94. In August 2017, the plaintiff was sent to Pitney Bowes located in Brown Deer WI as a pre-sorter who worked third shift at $10.00 per hour at 40 hrs per week minus unpaid lunch.

95. In January 2018 the plaintiff Jeanine L Jackson and the defendant Latoya Gilmore got into a verbal confrontation.

96. In January 2018, the plaintiff Jeanine L Jackson stated to the defendant Kendrae Figueroa, and to Pitney Bowes supervisor Tim that she was going to school to be an attorney, and that she had already spoken to an attorney about the threat that the defendant Latoya Gilmore made on the plaintiff Jeanine L Jackson and that she was going bring a lawsuit against Pitney Bowes and Latoya Gilmore because from the plaintiff legal standpoint the defendants Kendrae Figueroa, and Pitney Bowes were negligent.

21

97. The defendant Pitney Bowes, and John Doe sent an email to the plaintiff's temporary agency that the plaintiff Jeanine L Jackson's assignment with their company was terminated because she had gotten into a verbal confrontation with an employee.

98. After her assignment ended with the defendant Pitney Bowes, the plaintiff Jeanine L Jackson tried numerous of times to secure another job assignment with her employer resource management but to be told that there was no work available.

99. The defendant Pitney Bowes intentionally interfered with the contract of the plaintiff Jeanine L Jackson preventing her from getting another job assignment with Resource MFG because she had threatened them with legal action.

100. Because of the actions of the defendants Pitney Bowes, John Doe, Kendra Figueroa, and Latoya Gilmore, the plaintiff Jeanine L Jackson has loss business income, loss wages, and loss of job opportunities.

101. Pursuant to the United States Constution, the plaintiff Jeanine L Jackson has the right to sue and reap the benefits of a contractual relationship.

## PRAYER OF RELIEF

102. Wherefore, plaintiff Jeanine L Jackson respectfully request judgement against the defendants as follows:

103. An order awarding compensatory damages for loss of business income, loss of employment wages, and loss of future employment income in an amount to be determined at trial.

104. An order awarding punitive damages in an amount to be determined at trial.

22

105. An order awarding all legal costs to the plaintiff Jeanine L Jackson, including attorney

fees.

JURY TRIAL

106. Plaintiff is requesting a jury trial in this matter.

Dated this 21st Day of May 2018

Jeanine L. Jackson

Jeanine L Jackson

Shoe1diva@yahoo.com

414-208-1771

23